UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ROB L. MITCHELL,<br><br>               Petitioner,<br><br>   v.<br><br>STATE OF IDAHO, WARDEN KEVEN YORDY, and ALL SUCCESSORS IN OFFICE,<br><br>               Respondents. | Case No. 1:17-cv-00045-CWD<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending before the Court is a Petition for Writ of Habeas Corpus filed by Idaho state prisoner Rob L. Mitchell ("Petitioner"), challenging Petitioner's Nez Perce County convictions for attempted murder and robbery. (Dkt. 2.) Respondent has filed a Motion for Summary Dismissal, arguing that Petitioner's claim is barred by the one-year statute of limitations and is noncognizable. (Dkt. 12.) The Motion is now ripe for adjudication.

The Court takes judicial notice of the records from Petitioner's state court proceedings, which have been lodged by Respondent. (Dkt. 11.) *See* Fed. R. Evid. 201; *Dawson v Mahoney*, 451 F.3d 550, 551 n.1 (9th Cir. 2006).

The parties have consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in this case in accordance with 28 U.S.C. § 636(c). (Dkt. 13.)

**MEMORANDUM DECISION AND ORDER - 1**

Having carefully reviewed the record, including the state court record, the Court finds that the parties have adequately presented the facts and legal arguments in the briefs and record and that oral argument is unnecessary. *See* D. Idaho L. Civ. R. 7.1(d). Accordingly, the Court enters the following Order granting the Motion and dismissing the Petition with prejudice as untimely.

## BACKGROUND

In 1992, following a jury trial in the Second Judicial District in Nez Perce County, Idaho, Petitioner was convicted of robbery and attempted murder in the first degree. He was sentenced to consecutive prison terms of thirty-five years with fifteen years fixed on the robbery count, and fifteen years on the attempted murder count. (State's Lodging A-1 at 104-06.) Petitioner filed a direct appeal, and the Idaho Court of Appeals affirmed. (State's Lodging B-4.) Petitioner did not file a petition for review with the Idaho Supreme Court, and the court of appeals issued the remittitur on October 12, 1993. (State's Lodging B-5.)

Petitioner filed a state post-conviction petition in 1994. (State's Lodging C-1 at 1-14. The state district court granted relief on Petitioner's claim of ineffective assistance of appellate counsel and denied relief on Petitioner's remaining claims. (*Id*. at 107-28.) The court reinstated the original appeal period, allowing Petitioner "to file a new appeal with present counsel." (*Id*. at 127.)

The state appealed the Idaho district court's grant of post-conviction relief on the basis of ineffective assistance of appellate counsel, and Petitioner cross-appealed the

denial of his other claims. Petitioner also filed a new direct appeal from his convictions pursuant to the grant of post-conviction relief. The two appeals were consolidated. (State's Lodging D-3.) The Idaho Supreme Court reversed the grant of post-conviction relief as to Petitioner's appellate ineffectiveness claim, affirmed the denial of post-conviction relief as to Petitioner's other claims, and dismissed the new direct appeal. (State's Lodging D-8.) The remittitur was issued on December 17, 1998. (State's Lodging D-9.)

On September 21, 2001, at the earliest,[1] Petitioner filed his first motion for correction of sentence under Idaho Criminal Rule 35. (State's Lodging E-1 at 8-9.) The trial court denied the motion on October 23, 2001,[2] and Petitioner appealed. (*Id*. at 21-28.) The Idaho Court of Appeals affirmed, and the Idaho Supreme Court denied review. (State's Lodging F-3, F-6.) The remittitur was issued on January 17, 2003. (State's Lodging F-7.)

---

[1] Idaho courts follow the prison mailbox rule and generally deem a pro se inmate's post-conviction petition filed on the date the petition is delivered to prison authorities for placement in the mail. *Munson v. State*, 917 P.2d 796, 800 (Idaho 1996). This rule also likely applies to motions brought pursuant to Idaho Criminal Rule 35.

[2] There is some evidence that Petitioner filed another Rule 35 motion on October 23, 2001 and that the motion was denied the same day—the state court's Register of Actions ("ROA") can be read to indicate this, and the state district court later concluded that such a motion had been filed that day, likely by reviewing only the ROA. (*See* State's Lodging A-4; G-1 at 18.) However, the record is not clear on this issue; there is no copy of any such motion in the state court record, Petitioner himself does not indicate in his Petition the existence of such a motion, and there is no mention of this supposed October 23 motion in Petitioner's appeal from the denial of the September 21 motion. It is more likely that the ROA simply contains a duplicate entry of the denial of the September 21 Rule 35 motion, which occurred on October 23, 2001. Regardless, this lack of clarity in the record does not affect the Court's analysis in this case.

**MEMORANDUM DECISION AND ORDER - 3**

Petitioner contends that he filed another Rule 35 motion in approximately May of 2009, although the state court's Register of Actions for Petitioner's case does not show this filing. (Dkt. 2 at 4; State's Lodging A-4.) According to Petitioner, the trial court denied the motion, the court of appeals affirmed, and the state supreme court denied review. (Dkt. 2 at 4.) Petitioner does not provide dates for these decisions. The Court will assume, for purposes of this decision only, that Petitioner's description of these proceedings is accurate. As explained below, the lack of dates for these decisions does not affect the Court's analysis.

On March 3, 2016, at the earliest, Petitioner filed another Rule 35 motion, which the trial court denied. (State's Lodging G-1 at 8-10, 17-18.) The Idaho Court of Appeals affirmed, holding that the motion was untimely and the trial court thus lacked jurisdiction to hear it. (State's Lodging H-4.) The Idaho Supreme Court denied review and issued the remittitur on January 9, 2017. (State's Lodging H-6, H-7.)

Petitioner filed his Petition in this Court, at the earliest, on January 26, 2017.[3] Petitioner asserts a single claim: that his sentences should run concurrently, not consecutively. (Dkt. 2 at 6.)

The Court previously reviewed the Petition and allowed Petitioner to proceed on his claims to the extent those claims "(1) are cognizable in a federal habeas corpus action, (2) were timely filed in this Court, and (3) were either properly exhausted in state court or

---

[3] The federal courts also follow the prison mailbox rule. *See Houston v. Lack*, 487 U.S. 266, 270-72 (1988); Rule 3(d) of the Rules Governing Section 2243 Cases.

**MEMORANDUM DECISION AND ORDER - 4**

subject to a legal excuse for any failure to exhaust in a proper manner." (Dkt. 7 at 3 (footnote omitted).)

## DISCUSSION

The Rules Governing Section 2254 Cases ("Habeas Rules") authorize the Court to summarily dismiss a petition for writ of habeas corpus when "it plainly appears from the face of the petition and any attached exhibits," as well as those records subject to judicial notice, "that the petitioner is not entitled to relief in the district court." Habeas Rule 4; *see* Fed. R. Evid. 201; *Dawson*, 451 F.3d at 551 n.1. Where appropriate, a respondent may file a motion for summary dismissal, rather than an answer. *White v. Lewis*, 874 F.2d 599, 602 (9th Cir. 1989).

Respondent argues that Petitioner's claims are barred by the one-year statute of limitations. For the reasons that follow, the Court agrees.[4]

**1.      Standards of Law**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") instituted a one-year statute of limitations for habeas corpus petitions. *See* 28 U.S.C. § 2244(d). The limitations period generally begins to run on the date the petitioner's conviction became final. However, because Petitioner's conviction became final before AEDPA's enactment, Petitioner "had a one-year grace period" from the date of enactment within which to file his petition. *Patterson v. Stewart*, 251 F.3d 1243, 1245 (9th Cir. 2001). That

---

[4]     The Court need not address Respondent's cognizability argument.

**MEMORANDUM DECISION AND ORDER - 5**

is, the statute of limitations began running on April 24, 1996, and any petition challenging Petitioner's convictions should have been filed on or before April 24, 1997. *Id*. at 1246.

The one-year statute of limitations can be tolled (or suspended) under certain circumstances. AEDPA provides for tolling for all of "[t]he time during which a properly filed application for State post-conviction or other collateral review . . . is pending." 28 U.S.C. § 2244(d)(2). A motion to reduce a sentence that is not a part of the direct review process and that requires re-examination of the sentence qualifies as a collateral review application that tolls the one-year statute of limitations. *Wall v. Kholi*, 562 U.S. 545, 555-56 (2011). Thus, to the extent that a petitioner properly filed an application for post-conviction relief or other collateral challenge in state court, the one-year federal limitations period stops running on the filing date of the state court action and resumes when the action is completed.

The time before a petitioner files an initial application for collateral review in state court, however, does not toll the statute of limitation. *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999) ("AEDPA's statute of limitations is not tolled from the time a final decision is issued on direct state appeal and the time the first state collateral challenge is filed because there is no case 'pending' during that interval."), *abrogated on other grounds as stated in Nedds v. Calderon*, 678 F.3d 777, 781 (9th Cir. 2012). In addition, AEDPA "does not permit the reinitiation of the [federal] limitations period that has ended

before the state petition was filed." *Ferguson v. Palmateer*, 321 F.3d 820, 822 (9th Cir. 2003).[5]

To determine the date when a petitioner's state court post-conviction action concluded, the Court looks to state law. *Allen v. Lewis*, 295 F.3d 1046, 1046 (9th Cir. 2002) (en banc) (reaffirming *Bunney v. Mitchell*, 262 F.3d 973 (9th Cir. 2001) (per curiam), *superseded on other grounds by* Cal. Rule of Court 8.532(b)(2)(C)) *as stated in Korolev v. Horel*, 386 F. App'x 594 (9th Cir. July 2, 2010) (unpublished)). Under Idaho law, an appellate case remains pending until a remittitur is issued, *see Jakoski v. State*, 32 P.3d 672, 679 (Idaho Ct. App. 2001), and so, for federal statute of limitations purposes, a collateral relief application in Idaho is deemed "pending" through the date of the remittitur. *See Jefferson v. Budge*, 419 F.3d 1013, 1015 n.2 (9th Cir. 2005).

"Pending," as set forth in § 2244(d)(2), does not include the time period for filing a petition for writ of certiorari before the United States Supreme Court to challenge denial of a collateral review petition. *Lawrence v. Florida*, 549 U.S. 327, 337 (2007). Further, each time statutory tolling ends, the statute of limitations does not restart at one year, but begins running at the place where it stopped before the post-conviction action was filed. Finally, to qualify for statutory tolling, the collateral relief application must be

---

[5] However, the United States Supreme Court has established an exception for cases in which the state court grants the petitioner the right to file an out-of-time direct appeal; in that case, the federal habeas statute of limitations begins to run again from the new date of finality. *Jimenez v. Quarterman*, 555 U.S. 113, 121 (2009) ("[W]here a state court grants a criminal defendant the right to file an out-of-time direct appeal during state collateral review, but before the defendant has first sought federal habeas relief, his judgment is not yet 'final' for purposes of § 2244(d)(1)(A).").

**MEMORANDUM DECISION AND ORDER - 7**

"properly filed," meaning that it conforms to state rules governing conditions to filing, including filing deadlines. *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005).

If, after applying statutory tolling, a habeas petition is deemed untimely, a federal court can still hear the merits of the claims if the petitioner can establish that equitable tolling should be applied to toll the remaining time period. *See Jorss v. Gomez*, 311 F.3d 1189, 1192 (9th Cir. 2002) ("[A] court must first determine whether a petition was untimely under the statute itself before it considers whether equitable tolling should be applied."). The limitations period may be equitably tolled under exceptional circumstances. "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks omitted).

In addition, the statute of limitations is subject to an actual innocence exception. A petitioner who satisfies the actual innocence gateway standard may have otherwise time-barred claims heard on the merits. *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931-32 (2013); *Lee v. Lampert*, 653 F.3d 929, 937 (9th Cir. 2011) (en banc). Actual innocence in this context means "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 624 (1998). If a petitioner can establish actual innocence, a federal court may consider the petitioner's time-barred claims on the merits.

2.  **The Petition Is Barred by the Statute of Limitations**

In this case, the statute of limitations ordinarily would have begun to run on April 24, 1996, the date of AEDPA's enactment. However, because Petitioner's state post-conviction relief was still pending on that date, the statute was tolled immediately pursuant to 28 U.S.C. § 2244(d)(2). The statute remained tolled, and the limitations period did not begin to run, until Petitioner's post-conviction proceedings were completed. Those proceedings concluded on December 17, 1998, when the state supreme court issued the remittitur in the consolidated new direct appeal/post-conviction appeal. (State's Lodging D-9.)

Therefore, Petitioner's statute of limitations began to run on December 17, 1998, making the Petition due in this Court no later than December 17, 1999. Petitioner's January 26, 2017 Petition was filed over seventeen years too late. Because the limitations period expired before Petitioner filed any of his Rule 35 motions, none of those state court proceedings can toll the limitations period under § 2244(d)(2). *See Ferguson*, 321 F.3d at 822.

In his response to the Motion for Summary Dismissal, Petitioner argues the merits of his claim and complains of prison conditions, but he does not contend that he is entitled to equitable tolling of the statute of limitations or that he is actually innocent. Therefore, the Court must dismiss the Petition as untimely.

**ORDER**

**IT IS ORDERED:**

**MEMORANDUM DECISION AND ORDER - 9**

1. Respondent's Motion for Summary Dismissal (Dkt. 12) is GRANTED, and the Petition is DISMISSED with prejudice.

2. The Court does not find its resolution of this habeas matter to be reasonably debatable, and a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c); Habeas Rule 11. If Petitioner wishes to appeal, he must file a timely notice of appeal with the Clerk of Court. Petitioner may seek a certificate of appealability from the Ninth Circuit by filing a request in that court.

DATED: **December 29, 2017**

Honorable Candy W. Dale
United States Magistrate Judge

**MEMORANDUM DECISION AND ORDER - 10**